UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| TIMOTHY W. CLOYD, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 1:17-0008 |
| v. | ) Chief Judge Crenshaw/Brown |
| | ) |
| CORIZON HEALTH CARE, *et al.*, | ) |
| | ) |
| Defendants | ) |

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the unopposed motion for summary judgment of Corizon Health, Inc. and Corizon, Inc. (Docket Entry 17) be granted, the claims against them be dismissed with prejudice, and that any appeal from such dismissal not be certified as taken in good faith.

## BACKGROUND

The complaint in this matter (Docket Entry 1) alleges that when the Plaintiff arrived at South Central Corrections Facility (SCCF) on February 5, 2016, he could hardly walk and immediately requested medical care. He alleged that medical care was contracted out to the Defendant Corizon Health Care (Corizon).

Plaintiff goes on to allege that he was seen by various medical practitioners and physicians that he alleges worked for Corizon.

Corizon, rather than filing an answer, immediately filed a motion for summary judgment (Docket Entry 17) supported by a

memorandum of law and statement of material facts, and declarations of two of their officers.

Corizon contend that none of the co-defendants were their employees at the time alleged in the complaint and that they ceased providing services, except for mental health services to the prison, on September 8, 2013.

The Plaintiff has not responded to the motion by either requesting time for discovery or by filing a response to the motion or to the statements of uncontested facts.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Chelates Corp. v. Citrate*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Halliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is

2

insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[on summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**LEGAL DISCUSSION**

Since the Plaintiff has not responded to the statement of facts or responded to the motion itself the Magistrate Judge, for the purpose of this review, will consider the statement of facts uncontested and the motion for summary judgment unopposed. Nevertheless, the Magistrate Judge must review the records to insure that Corizon is entitled to the relief sought.

After review of the record it is clear that they are entitled to a grant of summary judgment. They have provided sufficient proof through affidavits and through their statement of uncontested facts that they had no involvement with providing the Plaintiff's medical treatment or that they had any control over the medical treatment since 2013. They have further established that none of the remaining Defendants were their employees at any time alleged by the Plaintiff.

Under these circumstances, further discussion is no warranted.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion be granted and that the claims against Corizon be dismissed with prejudice and that any appeal therefrom not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of August, 2017.

                                        /s/   Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge