UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

TIMOTHY W. CLOYD,                )
                                 )
        Plaintiff                )
                                 )   No. 1:17-0008
v.                               )   Chief Judge Crenshaw/Brown
                                 )
CORIZON HEALTH CARE, *et al.*,   )
                                 )
        Defendants               )

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

**REPORT AND RECOMMENDATION**

The Plaintiff has filed a motion for preliminary injunction (Docket Entry 45). The Defendants who are employees of Core Civic have responded (Docket Entry 50). There was no reply.

For the reasons stated below the Magistrate Judge recommends that the motion for preliminary injunction be denied.

**BACKGROUND**

The Plaintiff filed his complaint on February 2, 2017. On an initial review (Docket Entry 5) the Court found that the Plaintiff alleged that he suffered from back pain that made it difficult for him to walk. He alleged that he was not given proper care for his back problems and had been denied physical therapy ordered by his doctor. In his complain he alleged that the individuals responsible for his lack of care were employed by Corizon.

The Court found for the purposes of initial review that the Plaintiff had stated a complaint for a violation of the Eighth Amendment guarantee to the right for medical care and the case was allowed to proceed. Subsequently, Defendant Corizon filed a motion

for summary judgment (Docket Entry 17), which argued that they were not the health care provider at the time the Plaintiff complained about and that none of the individual Defendants were Defendant Corizon employees at any time relevant to his claims.

Subsequently, a report and recommendation was prepared by the undersigned recommending that this motion be granted. As a review of the record established, Defendant Corizon was not the health care provider past 2013 and the Plaintiff's complaint dealt with treatment since 2013. This report and recommendation was subsequently adopted and approved by the District Court (Docket Entry 46) and Corizon was dismissed as a defendant in this matter on October 10, 2017 (Docket Entry 46).

The Plaintiff filed his motion for preliminary injunction on September 29, 2017, essentially repeating many of the allegations from his complaint about his medical care and the lack of an MRI. It does appear from the pleadings that the Plaintiff is held at a CoreCivic prison and the medical personnel complained about are CoreCivic employees. The Plaintiff attached to his motion some of his medical records. He also wrote a good bit of material on some of the records as explanatory notes. For some of the records it is difficult to tell who wrote what notes.

## LEGAL DISCUSSION

As the Defendants point out the Sixth Circuit has applied the following four factor test for review of such motions, *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), as follows:

2

> When deciding whether to issue a preliminary injunction, the district court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

The Plaintiff does bear the burden to demonstrate his entitlement to a preliminary injunction. The Court has even noted that proof required for a plaintiff to obtain a preliminary injunction is more stringent than the proof required to provide a summary judgment motion. *Mize v. Sator*, 2012 U.S.D. LEXIS 25175 *67 (M.D. Tenn. Feb. 27, 2012).

The medical records in this case are not as clear as they could be and the Plaintiff has not provided specific examples of some of the treatment he claims was ordered, but not carried out. It also appears that although the Plaintiff complains of back pain he was performing fairly heavy work and requesting transfer to another institution where he could work and earn more money.

The records also show that the Plaintiff was a no-show for physical therapy on numerous occasions, from March 20, 2017, through June 7, 2017 (Docket Entry 45, p, 6; Docket Entry 49, p. 5). The Plaintiff did not provide any reply to dispute or explain his failure to attend the no-show entries.

As noted by the Defendants the medical records do show the Plaintiff has been provided some medical treatment (Docket Entry 50, p. 4). In particular, the Plaintiff was provided prostate and blood pressure medication (Docket Entry 45, p, 15 and Docket

3

Entry 49, p.2). The Plaintiff was also prescribed a back brace in June 2017 for his back.

It does not appear the Plaintiff has ever been ordered for an MRI, although he alleges in his motion that Dr. Soldo stated he would recommend an MRI once the Plaintiff completed physical therapy (Docket Entry 45, p. 2). It unfortunately appears that the Plaintiff was noncompliant with physical therapy appointments.

At this stage of the case it does not appear that the Plaintiff has made out a strong likelihood of success. This failure is normally fatal to a motion for a preliminary injunction.

Likewise, the Plaintiff has failed to show irreparable harm. While in a perfect world an MRI might well be advised the Plaintiff has been examined by physicians and nurses and has been provided pain medication and a back brace.

It has long been recognized that courts should be hesitant to become involved in prison administration business as courts are not well-suited to such duties. *Turner v. Sasley*, 482 U.S. 78, 84-85 (U.S. 1987).

While requiring a prison administrator to authorize a single MRI would not individually be a great burden, the routine ordering of medical procedures not deemed necessary by medical personnel in the aggregate would impose a substantial burden.

The undersigned would not hesitate to recommend such a treatment if the Plaintiff had made a strong case for such relief. In this case he has not. He has failed to regularly attend physical therapy sessions, which could assist his back problems and it

4

appears that he is regularly working outside the facility on landscaping, including grass mowing and other heavy labor,

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge does not believe that the Plaintiff has established good grounds for a preliminary injunction and therefore the motion should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 18th day of January, 2018.

                                 /s/   Joe B. Brown
                                 JOE B. BROWN
                                 United States Magistrate Judge