# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **TIMOTHY W. CLOYD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 1:17-cv-0008 |
| | ) Chief Judge Crenshaw |
| **CORIZON HEALTH CARE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Brown has entered a Report and Recommendation (Doc. No. 53) that recommends Timothy W. Cloyd's Motion for Preliminary Injunction (Doc. No. 45) requesting medical treatment be denied. In accordance with Rule 72(b) of the Federal Rules of Civil Procedure, Cloyd has filed several specific Objections (Doc. No. 58) to the R & R.

Cloyd first objects to Magistrate Judge Brown's observation that Cloyd did not reply to Defendant's response. While Cloyd acknowledges this is a true statement, he claims that this failure was due to the fact that the inmate helping him was shipped to another institution. This objection is irrelevant because Magistrate Judge Brown was merely identifying the documents on which his decision was based. Replies are not mandatory and, in fact, are often not allowed without leave of the Court.

Cloyd next objects to the statement that "the medical records in this case are not as clear as they could be[,] and the Plaintiff has not provided specific examples of some of the treatment he claims was ordered but not carried out." (Doc. No. 53 at 3). In this regard, Cloyd points to a medical record from May 10, 2017 that he claims shows an MRI was ordered but not taken. However, that record merely states that Cloyd complained of "chronic back pain" and that he "may

need repeat MRI." (Doc. No. 58 at 8). This exhibit does not definitively state that Cloyd is to receive an MRI, or when such a repeat MRI is needed. In this respect, the document merely confirms Magistrate Judge Brown's observation that the medical records are far from clear.

Cloyd also objects to Magistrate Judge Brown's statement that, "although the Plaintiff complains of back pain[,] he was performing fairly heavy work and requesting transfer to another institution where he could work and earn more money." (Doc. No. 53 at 3). Cloyd claims "he is a class B medical status, which does not allow him to be placed on such labor intensive job," and that "CoreCivic put him in this job against policy." (Doc. No. 58 at 2). As support he points to an exhibit which shows his classification on February 24, 2015 to be "Class B Limited Duty," (Doc. No. 58 at 12). Nevertheless, on an exhibit dated August 9, 2017 that was attached to the Motion for Preliminary Injunction, Cloyd wrote that he has "done industrial cleaning and landscaping[,] hard labor for behavior and program credit called good days[.]" (Doc. No. 45 at 5). In that same exhibit, Cloyd complains that CoreCivic would not allow him to go to the "Transition Center," even though he had been engaged in "hard labor jobs." (Doc. No. 45 at 5). Thus, regardless of how it came about, Magistrate Judge Brown did not err in observing that Cloyd performed hard labor.

Cloyd also objects to Magistrate Judge Brown's statement that he did not attend several physical therapy sessions. Cloyd claims this was impossible because physical therapy was not ordered until May 20, 2017, it started on June 8, 2017, and it finished on July 24, 2017. He also claims that his "personal calendar" shows that he did not miss any physical therapy session, and that he only missed sick calls when he was on lock-down or when he was not notified by staff of the appointment. Whatever Cloyd's personal calendar may show, it is not evidence before the Court and the medical records before Magistrate Judge Brown indicate that Cloyd was a "no show" for

2

numerous medical appointments between and March 21, 2017 and June 7, 2017. (Doc. No. 45 at 6; Doc. No. 49 at 5).

The remainder of Cloyd's objections are in the nature of argument. He asserts that, while the medical records show some minor medical treatment, they amount to "no treatment at all[.]" (Doc. No. 58 at 3). He also argues in a conclusory fashion that "irreparable harm has been shown," and that he has shown deliberate indifference to his medical needs. (Id.).

As the one moving for "extraordinary relief" in the form of a preliminary injunction, Mich. Bldg. & Const. Trades Council v. Snyder, 729 F.3d 572, 583 (6th Cir. 2013), it is Cloyd's burden to establish (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Cloyd has established none of those elements.

Cloyd's claim is for deliberate indifference to his medical needs, which "requires him to show both that the 'alleged mistreatment was objectively serious,' and that the officials 'subjectively ignored the risk to the inmate's safety.'" Rhinehart v. Scutt, 509 F. App'x 510, 513–14 (6th Cir. 2013) (quoting Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011)). Even assuming Cloyd's medical condition is serious, he has not shown that his complaints were ignored. To the contrary, the medical records before the Court establish that, when Cloyd asserted a variety of complaints, those complaints were addressed by the medical staff. While he may not like the treatment he received, and while he may believe it could have been better or more thorough, "a disagreement over the wisdom or correctness of a medical judgment is insufficient for the purpose of a deliberate indifference claim," and, as a general rule, "where a plaintiff has received care, he will not be able

to sustain a claim of deliberate indifference." Id. (collecting cases).

Nor has Cloyd presented any evidence that he is likely to suffer irreparable harm in the absence of an injunction. While verifying medical evidence may be excused "where a plaintiff's claims arise from an injury or illness 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention,'" Blackmore v. Kalamazoo Cty., 390 F.3d 890, 899 (6th Cir. 2004) (citation omitted), Cloyd has not shown that to be the case here. Rather, his Motion for a Preliminary Injunction is based on the fact that he did not receive an MRI and that he had an enlarged prostate. As to the former, he claims Dr. Soldo "said he would recommend a[n] MRI," and, as to the latter, he claims Dr. Soldo "imediately [sic] precripd [sic] proscar." (Doc. No. 45 at 1, 2). This hardly suggests inattention or an obvious need for treatment that was ignored.

Cloyd's failure to show either a substantial likelihood of success or irreparable harm also leads to the conclusion that neither the equities, nor the public interest, support his request for injunctive relief. A federal court " must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators[.]" Jones v. Caruso, 569 F.3d 258, 278 (6th Cir. 2009). Rather, "[t]he medical care of prison inmates is entrusted to prison doctors, to whose judgment and training courts owe substantial deference." White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990); see Hayward v. Hershey Med. Ctr., No. 1:16-CV-2555, 2018 WL 447326, at *5 (M.D. Pa. Jan. 17, 2018) (same); Georgetown v. Tran, No. CIV.A. 01-1584, 2002 WL 818079, at *4 (E.D. La. Apr. 25, 2002) (same). "By granting the requested injunctive relief in this case, the Court would be in the untenable position of second-guessing Defendants' medical decisions, a task for which [it is] particularly ill-equipped." Mitchell v. Badawi, No. 14-11346, 2015 WL 4094372, at *2 (E.D. Mich. June 18, 2015); see

4

Gaybor v. Pugh, No. 4:14-CV-00318, 2014 WL 4184372, at *9 (N.D. Ohio Aug. 21, 2014) (observing that a court "is ill-equipped to micro-manage medical treatment or second-guess the BOP's administrative decisions, including transfers").

Accordingly, the Court rules as follows:

(1) The R & R (Doc. No. 53) is **ADOPTED** and **APPROVED**;

(2) Cloyd's Objections (Doc. No. 58) are **OVERRULED**; and

(3) Cloyd's Motion for a Preliminary Injunction (Doc. No. 45) is **DENIED**.

This case is hereby returned to Magistrate Judge Brown for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE