# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| TIMOTHY W. CLOYD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 1:17-cv-00008 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| CORIZON HEALTH CARE, et al., | ) | MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 78), recommending the Court grant Defendants' motion for summary judgment. (Doc. No. 56). Plaintiff filed a "notice" and a "declaration of facts" in response to the R&R. (Doc. Nos. 80, 81). Defendants filed a response to Plaintiff's notice and declaration. (Doc. No. 82). Plaintiff then filed a "petition of appeal against summary judgment," to which Defendants responded. (Doc. Nos. 83, 84).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

As discussed in the R&R, Plaintiff filed a *pro se* action against Defendants under 42 U.S.C. § 1983, asserting an Eighth Amendment claim that Defendants denied or provided him inadequate medical care during his incarceration. (Doc. No. 9-1). The Magistrate Judge determined Defendants' motion for summary judgment should be granted and Plaintiff's case should be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies with respect to claims against Defendants Garner, Kelley, Rich, and Bryant; (2) Plaintiff failed to establish Defendant Westray acted with deliberate indifference in providing Plaintiff medical treatment; and (3) Plaintiff failed to establish any constitutional violation by an individual Defendant, Plaintiff failed to establish a related official capacity claim. (Doc. No. 78). The Magistrate Judge advised the parties that any written objections to the R&R were to be filed within fourteen days of service. (*Id.*).

Although Plaintiff did not file objections to the R&R, the Court will consider Plaintiff's "notice," "declaration of facts," and "petition of appeal against summary judgment" as objections. These filings, however, do not directly challenge the reasoning of the R&R or lodge specific objections to the R&R. Instead, Plaintiff appears to simply re-state facts and arguments he previously made and the Magistrate Judge already considered in ruling on Defendants' motion for summary judgment. Thus, Plaintiff's objections do not provided a basis to reject the R&R.

Having conducted a *de novo* review of the Magistrate Judge's determinations and Plaintiff's objections, the Court concludes that Plaintiff's objections are without merit, and the R&R should be adopted. Accordingly, Defendants' motion for summary judgment is **GRANTED**, and this action is **DISMISSED** with prejudice. Any appeal of this Order will not be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE